UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PANUNZIO LAW, P.C. | ) | |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| DOMENEX AS; | ) | |
| DIGITAL NOMADS, LLC; | ) | Case no.: |
| JOHN DOES 1-10; | ) | |
| ABC CORPS. 1-10 | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, PANUNZIO LAW, P.C., by and through its attorney, Simone Bertollini, Esquire, by way of Complaint against Defendants alleges as follows:

**INTRODUCTION**

1. This is an action in law and equity for violations of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA").

2. Defendants have registered the domain PANUNZIO.COM in bad faith, for the exclusive purpose of transferring, selling, or otherwise assigning it to the mark owner or

any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services.

**PARTIES**

3. Plaintiff, Panunzio Law, P.C., is a Professional Corporation of the State of New York that was formed on or about June 24, 2013.

4. Defendant Domenex AS is, upon information and belief, the company that is responsible for registering the domain Panunzio.com in bad faith and using a registration by proxy. The full contact information for Domenex AS are in possession of More Name, LLC (the domain's registrar) and Your Jungle Privacy Protection Service, a proxy registrant service.

5. Defendant Digital Nomads, LLC is a Florida Limited Liability Company that conducts business in the State of New Jersey, residing at 1631 Rock Springs Road Suite 112 Apopka, FL 32712, and has acted in concert with Domenex AS in violating the ACPA.

6. Plaintiff does not know the true names or capacities of the Defendants sued herein as JOHN DOES 1 through 10 inclusive, and ABC CORPS. 1 through 10 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged,

and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

8. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named Defendant refers also to all Defendants sued under fictitious names.

## JURISDICTION

9. This Court has jurisdiction under U.S.C. § 1331 and 15 U.S.C. § 1125(d).

## VENUE

10. Venue is properly laid in the District of New Jersey under 28 U.S.C. § 1391(b)(3), because it is a judicial district in which at least one defendant is subject to the court's personal jurisdiction with respect to this action.

11. More particularly, the Court has specific "long arm" jurisdiction over Defendants.

12. The U.S. Court of Appeals for the Third Ciruit held that:

> "In determining whether there is specific jurisdiction, we undertake a three-part inquiry. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872; *O'Connor*, 496 F.3d at 317. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.' " *Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184 (quoting Int'l Shoe, 326 U.S. at 320, 66 S.Ct. at

160). *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).

13. Here, Defendants have offered to sell Panunzio.com to the undersigned attorney, citizen of New Jersey, acting on behalf of Plaintiff, and have therefore directed their activities to New Jersey. Further, this lawsuit arises out to those activities.

14. A single contact creating a substantial connection with the forum state can be sufficient to support exercising personal jurisdiction over a defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004).

15. Therefore, the Court has personal jurisdiction over Defendants.

**JURY DEMAND**

16. Plaintiff demands a jury for all issues in this case triable as such.

**STATEMENT OF FACTS**

17. Panunzio Law, P.C., ("Panunzio Law") is a Professional Corporation of the State of New York that was formed on or about June 24, 2013.

18. Mr. Aldo Panunzio is the founder of Panunzio Law.

19. Aldo Panunzio is a licensed attorney of the State of New York since January 10, 2011.

20. Prior to the incorporation of Panunzio Law, Aldo Panunzio was practicing law as an individual.

21. Upon information and belief, there is no other attorney at law in good standing in the United States with the last name "Panunzio".

22. Upon further information and belief, Defendants have first registered the domain Panunzio.com on or about February 2014.

23. Upon further information and belief, Defendants had no prior use of Panunzio.com in connection with the bona fide offering of any goods or services.

24. Defendants are not using Panunzio.com in connection to a bona fide noncommercial or fair use of the name "Panunzio".

25. Defendants offer to transfer, sell, or otherwise assign Panunzio.com to Plaintiff or to any other third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services.

26. Upon further information and belief, the sale price for Panunzio.com is $2,555.00, which is approximately 200 times the cost that Defendants incurred for the registration of said domain.

27. Upon further information and belief, Defendants are engaged in the systematic registration or acquisition of domain names, which Defendants know are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, without regard to the goods or services of the parties.

28. Plaintiff is prejudiced by Defendants' registration and use of Panunzio.com.

**CLAIMS FOR RELIEF**

**COUNT ONE**
(Violation of the Anti-cybersquatting Consumer Protection Act)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 above as if set forth here in full.

30. Defendants have violated 15 U.S.C. § 1125(d) by registering in bad faith the domain Panunzio.com, knowing that such name is a distinctive mark having secondary meaning, for the exclusive purpose of transferring, (re)selling or assign the domain to Plaintiff or to any other third party for an exorbitant financial gain.

31. More particularly, Defendants are offering the domain for $2,555.00.

32. At the time Defendants registered the domain Panunzio.com, Mr. Aldo Panunzio was apparently the only licensed attorney in good standing in the United States.

33. Moreover, at the time Defendants registered Panunzio.com, Plaintiff was an existing business, incorporated in the State of New York.

34. While "Panunzio" is only a name, it is well settled that names can be protected if, through usage, they have acquired distinctiveness and secondary meaning. J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 13:2 (4th ed.).

35. Thus, an individual or organization may prove that through usage, a personal name has acquired a secondary meaning. *Id*.

36. "Secondary meaning is the consumer's association of the mark with a particular source or sponsor." See *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1291 (9th Cir.1992).

37. In determining whether a mark has obtained secondary meaning, courts consider: (1) whether actual purchasers of the product bearing the mark associate the mark with the producer; (2) the degree and manner of advertising under the mark; (3) the length and manner of use of the mark; and (4) whether use of the mark has been exclusive. See *Comm. for Idaho's High Desert v. Yost*, 92 F.3d 814, 822 (9th Cir.1996).

38. Moreover, whether a claimed mark has obtained a secondary meaning is a question of fact to be determined by a jury. See *Igloo Products Corp. v. Brantex, Inc.*, 202 F.3d 814, 818 (5th Cir.2000).

39. To establish whether a domain was registered in bad faith, 15 U.S.C. § 1125(d)(B)(i) allows Courts to consider several factors, including but not limited to:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or

      disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c). *Id.*

40. In this case, Defendants' bad faith in registering Panunzio.com is clear and undisputed.

41. First, upon information and belief, none of Defendants' first or last name is "Panunzio".

42. Second, Defendants have never used the domain Panunzio.com in any noncommercial good faith activity.

43. Third, Defendants' current use of the domain Panunzio.com is to attempt to transfer, sell, or assign the domain to Plaintiff or any third party for an exorbitant profit.

44. Specifically, Defendants have attempted to sell the domain Panunzio.com to Plaintiff, through the undersigned attorney for the exorbitant amount of $2,555.00.

45. Fourth, while the domain is for sale, Defendants are apparently making a profit in bad faith by running "sponsored listings" on the domain, taking advantage of the traffic generated by internet searches of users looking for Plaintiff or any other individual named "Panunzio".

46. Firth, at the time Defendant registered Panunzio.com, Plaintiff, Panunzio Law, P.C. was an active professional corporation of the State of New York.

47. Finally, at the time Defendant registered Panunzio.com, the name "Panunzio" had acquired a secondary meaning through usage, deserving protection of the Anti-cybersquatting Consumer Protection Act.

48. Said Defendant's bad faith cyber piracy entitles Plaintiff to an order of the Court directing forfeiture and/or cancellation of the domain name PANUNZIO.COM or the transfer of that domain name to Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE,** PANUNZIO LAW, P.C., prays that this Court grant the following relief:

a) Assume jurisdiction over this matter;
b) Granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation,

      exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever:

> (1) the designation "Panunzio" or similar terms;
> (2) the Internet domain name Panunzio.com or any domain consisting of "Panunzio" with any other extension than .com;
> (3) any other designation that is likely to cause dilution of the distinctiveness of the Plaintiff's mark or injury to Plaintiff's business reputation; or
> (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that defendant's business and/or products and/or services are in any way associated with or related to Plaintiff or its products and or its services;

c) Order Defendants to relinquish all rights in the Internet domain name Panunzio.com or to transfer it to Plaintiff;

d) Award Plaintiff actual damages;

e) Award Plaintiff statutory damages;

f) Award Plaintiff reasonable costs and attorneys' fees; and

g) Grant any other and further relief which this Court deems just and proper.

Dated: March 2, 2015

Respectfully submitted,

*simone bertollini*
SIMONE BERTOLLINI, ESQ.
simone.bertollini@gmail.com
Law Offices of Simone Bertollini
450 Seventh Ave, STE 1408
New York, NY 10123
Tel: (212) 566-3572
Attorney for Plaintiff

10